

**FILED**
**May 11, 2022**
**01:20 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Anthony J. McCarroll, Jr. | ) Docket No. 2021-01-0034 |
| | ) |
| v. | ) State File No. 800029-2021 |
| | ) |
| Amazon.com, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee alleged he sustained injuries on August 29, 2019, when a box hit his head at work. He did not report the injury until after another work incident occurred on October 10 when he was rear-ended while operating a forklift. On January 15, 2021, the employee filed a petition for workers' compensation benefits for the August 29, 2019 accident. The employer filed a motion for summary judgment and, in support of its motion, asserted that its last voluntary payment of benefits related to that accident occurred on December 23, 2019, and that the employee had filed his petition more than one year after the issuance of its last payment. Following a hearing, the trial court concluded the employer had negated an essential element of the employee's claim and granted its motion. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's decision and certify as final its order dismissing the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner joined.

Anthony J. McCarroll, Cleveland, Tennessee, employee-appellant, pro se

W. Troy Hart and Matthew B. Morris, Knoxville, Tennessee, for the employer-appellee, Amazon.com

### Factual and Procedural Background

Anthony J. McCarroll, Jr. ("Employee") alleged he sustained injuries on August 29, 2019, when a box fell and hit his head while he was working for Amazon.com

("Employer"). He did not report the incident to Employer and treated his symptoms with over-the-counter pain medications. On October 10, 2019, Employee was involved in an accident when the forklift a co-worker was operating rear-ended Employee's forklift, resulting in a "very bad headache." He reported the incident and was seen at Employer's on-site medical clinic. The record of that visit reflected Employee reported being hit on top of his head with a box on August 29, 2019, resulting in headaches. It noted that Employee did not report a work-related injury associated with that incident until October 10, 2019, when the forklift accident "made his headache worse." Employee was also evaluated at Telenova Healthcare the same day for complaints of a headache that he reported began on August 29, 2019. Upon discharge, he was diagnosed with a headache and concussion "1 month ago."

On October 10, 2019, Employee selected Dr. Rickey Hutcheson as his authorized physician from an Employer-provided panel of physicians, which reflected a date of injury of August 29, 2019.[1] Employee saw Dr. Hutcheson on October 28, 2019, and provided a history of a box falling on top of his head. According to the medical report, Employee told Dr. Hutcheson that he went home, iced it, and it did not get any better. The report indicated Employee returned to work the next day and his headache "got worse" so he reported the alleged injury to Employer's onsite medical clinic. The medical report also noted that Employee's "headaches got so bad that he had to be taken to the hospital via ambulance and was diagnosed with a concussion." Employee reported he had seen his family doctor, who ordered a CT scan. Dr. Hutcheson's records contain no reference to the forklift incident. He diagnosed Employee with a concussion and stated that Employee's condition was greater than 51% related to his work "because he had a box hit him on top of the head." Dr. Hutcheson took Employee off work and ordered a CT scan.

On October 29, 2019, Employer sent a letter of denial to Employee based upon "a greater than 30 day delay in reporting a PIT accident" and because he "failed his drug test completed on 10/10/2019." Dr. Hutcheson saw Employee again on November 11, 2019, and noted his continued complaints of pain in his head and headaches.[2] Dr. Hutcheson amended his diagnosis to "[q]uestionable concussion" and "[s]ymptom magnification." He allowed Employee to return to work with restrictions and referred him to Dr. Gary Voytick for concussion testing.

On November 22, 2019, Employee filed a petition for benefit determination identifying October 10, 2019, as the date of injury. The trial court held an expedited hearing on August 21, 2020, and, in an order issued on August 28, 2020, determined

---

[1] Employee was terminated from employment with Employer on October 17, 2019.

[2] Dr. Hutcheson references a CT scan of Employee's hip that was performed on November 5, 2019 with negative and normal results; however, our review of the record indicates that CT imaging of Employee's brain was performed on November 5, 2019, with negative/normal results.

Employee was not likely to prevail at a hearing on the merits in proving that his alleged October 10, 2019 injuries arose primarily out of and in the course and scope of his employment. Thereafter, Employer filed a motion for summary judgement, and, on December 11, 2020, the trial court granted the motion and dismissed Employee's October 10 claim with prejudice. Employee filed a notice of appeal on January 11, 2021, seeking to appeal the August 28, 2020 order, which we dismissed as untimely.

On January 15, 2021, Employee filed a petition for benefit determination identifying the August 29, 2019 date of injury. On June 30, 2021, Employer filed its own petition for benefit determination, requesting the issuance of a dispute certification notice. After propounding written discovery, including requests for admission to Employee, Employer filed a motion for summary judgment in connection with Employee's January 15, 2021 petition. On November 12, 2021, the trial court denied Employer's motion due to procedural and substantive defects in the motion. The November 12 order was not appealed. Thereafter, Employer filed a new motion for summary judgment on January 6, 2022, which was heard on February 16, 2022. The trial court granted the motion and dismissed Employee's case with prejudice. Employee has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

## Analysis

Employee asserts on appeal that the trial court erred in granting Employer's motion for summary judgment. In a "Statement of the Issues on Appeal," filed with his notice of appeal, Employee contends Employer's "voluntary payment of benefits on December 23, 2019, extends the time for filing the supplemental petition on January 15, 2019, in this matter[.]"[3] In his brief on appeal, Employee claims there are "several unresolved genuine issues as to material facts" and maintains the January 15, 2021 petition served to "reactivate" the previous petition "identifying an August 29, 2019

---

[3] Employee references a petition filed on January 15, 2019; however, there is no such petition in the record on appeal. The petition referencing an August 29, 2019 date of injury was filed on January 15, 2021.

claim and relationship between the October 10, 2019, date of injury involving a forklift, in this matter."[4]

In *Rye*, as noted above, our Supreme Court explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record.

*Id.* at 264-65 (internal quotation marks and citations omitted). Thus, for Employer to prevail on its motion for summary judgment, Employer must show that it negated an essential element of Employee's claim or that Employee's evidence is insufficient to establish his claim as a matter of law.

We are mindful that Employee is self-represented in this appeal. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

---

[4] An earlier petition for benefits filed in November 2019 identified the forklift accident on October 10 but contained no reference to the August 29 incident.

Here, Employer established through uncontradicted proof that Employee filed his January 2021 petition for benefits more than one year after the issuance of Employer's last voluntary payment of benefits. Thus, Employer effectively negated an essential element of Employee's claim: the timely filing of a petition. *See* Tenn. Code Ann. § 50-6-203(b)(2) (2021). Although Employee sought to articulate issues for our review, he failed to come forward with sufficient evidence to create a genuine issue of material fact, failed to describe how the trial court purportedly erred in its rulings, and failed to provide any relevant legal authority in support of his positions. When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *See, e.g., Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Nonetheless, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. Tennessee Code Annotated section 50-6-203(b)(2) provides as follows:

> In instances when the employer has voluntarily paid workers' compensation benefits, . . . the right to compensation is forever barred, unless a petition for benefit determination is filed . . . within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

As noted above, Employer supported its motion for summary judgment with a statement of undisputed facts and an affidavit of the claims adjuster stating that Employee's alleged injury occurred on August 29, 2019 and that Employer last issued a payment for medical care on December 23, 2019. Further, the affidavit asserted that no further medical or indemnity payments were made to or on Employee's behalf after December 23, 2019. Although Employee disputed portions of Employee's statement of undisputed facts, he failed to establish that Employer made any payments related to the alleged August 29, 2019 accident after December 23, 2019. Employee also failed to provide any evidence or legal argument supporting a conclusion that the statute of

5

limitations was tolled or that he filed a petition for benefits within one year of the last voluntary payment made by Employer. Accordingly, we conclude Employer negated an essential element of Employee's claim, namely, the timely filing of a petition for benefit determination, and demonstrated that Employee's evidence was insufficient to establish an essential element of his claim. In response, Employee did not come forward with any evidence to create a genuine issue of material fact. Thus, we find no error in the trial court's granting of Employer's motion for summary judgment.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision granting Employer's motion for summary judgment and dismissing Employee's case with prejudice. The trial court's order is certified as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Anthony J. McCarroll, Jr. ) | Docket No. 2021-01-0034 |
| ) | |
| v. ) | State File No. 800029-2021 |
| ) | |
| Amazon.com, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Audrey A. Headrick, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of May, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Anthony McCarroll, Jr. | | | | X | ajmac584479@gmail.com |
| W. Troy Hart<br>Matthew B. Morris | | | | X | wth@mijs.com<br>mbmorris@mijs.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov